## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SAUNDRA ANN FERRELL, | Case No. 0:16-cv-2403-MJD-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAVID PAUL, Warden, | |
| Respondent. | |

Petitioner Saundra Ann Ferrell, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In her habeas petition, Ms. Ferrell challenges the validity of a federal conviction and sentence incurred in Georgia.  This Court, however, lacks jurisdiction to consider Ms. Ferrell's habeas petition, as her challenge can only be brought in a motion under 28 U.S.C. § 2255 in the district of conviction.  Accordingly, this Court recommends that Ms. Ferrell's habeas petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although Ms. Ferrell seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here.  *See* Rule 1(b).

The United States District Court for the Middle District of Georgia — the district of Ms. Ferrell's conviction — succinctly described her conviction and post-conviction proceedings to date as follows:

> On January 3, 2001, a jury found Defendant guilty of murder in the first degree. Defendant was sentenced to life imprisonment, and judgment was entered against her on February 9, 2001. Since the final judgment of conviction, Defendant has repeatedly filed appeals and motions attempting to vacate the judgment and sentence in this case.
>
> Defendant appealed her conviction on February 13, 2001, which was affirmed by the Eleventh Circuit on September 20, 2001. Defendant moved for a new trial on February 4, 2002, which was denied on March 7, 2002. The Eleventh Circuit affirmed the denial of her motion for a new trial on March 14, 2003. Defendant then moved to vacate the judgment against her pursuant to 28 U.S.C. § 2255 on June 17, 2004, which was denied by the district court on July 29, 2004. Defendant's motions for certificates of appealability were denied by the district court and the Eleventh Circuit.
>
> Defendant filed a second notice of appeal regarding her original final judgment of conviction on February 12, 2007. The Eleventh Circuit dismissed this appeal on April 2, 2007. Defendant also filed two motions for certificates of appealability which were denied. On January 18, 2008, Defendant moved for permission to file a motion for relief from judgment pursuant to Federal Rules of Civil Procedure Rule 60(b). That request was denied by the Court on March 14, 2008.
>
> Defendant then filed two motions for habeas relief pursuant to 28 U.S.C. § 2241. The first was filed in the United States District Court for the Northern District of West Virginia. *Ferrell v. Cross*, No. 3:08-cv-158 (N.D. W.Va.2008). The Northern District of West Virginia dismissed her request for habeas relief on January 8, 2009.

> Similarly, Defendant's § 2241 habeas petition was summarily dismissed in the United States District Court for the District of Minnesota for lack of jurisdiction because the Defendant was challenging her conviction rather than her confinement. *Ferrell v. Rios*, No. 09-cv-234, slip op. 1 (D. Minn. Mar. 13, 2009).
>
> Defendant then returned to this Court and sought an "astronomical sentence reduction" which the Court construed as a request to modify her sentence pursuant to 18 U.S.C. § 3582. Such request was denied on January 24, 2012.

*United States v. Ferrell*, No. 4:00-CR-20-CDL-MSH, 2013 WL 5707850, at *1-2 (M.D. Ga. Oct. 16, 2013) (some citations omitted). A subsequent motion for a writ of error coram nobis was also denied by the Middle District of Georgia in 2013. *Id.* at *2-3.

On July 1, 2016, Ms. Ferrell filed another petition for a writ of habeas corpus — at least her third habeas petition to date — this time in the United States District Court for the Eastern District of Missouri. Because Ms. Ferrell is detained in Minnesota, the habeas petition was transferred to this District "in the interest of justice." *See* ECF No. 3 (citing 28 U.S.C. § 1631; *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976)).

As before, Ms. Ferrell brings her most recent habeas petition in an effort to invalidate her conviction for first-degree murder. The exclusive-remedy rule of § 2255, however, provides that a federal prisoner may not challenge her conviction or sentence through a habeas petition unless § 2255 is "is inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255(e). Procedural limitations on the

availability of § 2255 — for example, the one-year limitations period for bringing claims under § 2255, *see* 28 U.S.C. § 2255(f), or restrictions on the ability of prisoners to bring "second or successive" § 2255 motions, 28 U.S.C. § 2255(h) — are not sufficient to render § 2255 inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Thus, Ms. Ferrell's explanation for bringing a habeas petition instead of seeking relief under § 2255 in the district of conviction — that her claim "would be barred under the one-year [limitations] period," Petition at 8 [ECF No. 1] — is not enough to avoid application of the exclusive-remedy rule.[2]

Each of Ms. Ferrell's claims for relief was or could have been brought pursuant to § 2255 in the Middle District of Georgia. That those claims may have been rejected, or that Ms. Ferrell failed to bring certain of those claims previously, does not render § 2255 inadequate or ineffective, even if a procedural barrier now prevents Ms. Ferrell from raising those claims anew under § 2255. The exclusive-remedy rule therefore deprives this Court of jurisdiction to consider Ms. Ferrell's petition. *See Abdullah v. Hedrick*, 392 F.3d 957, 964 (8th Cir. 2004) ("Because Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded

---

[2] Ms. Ferrell also alleges that "recent Supreme Court precedent was not available to prove her Innocence." Petition at 8. Ms. Ferrell is not clear about what "recent Supreme Court precedent" she is relying upon, and none of her claims appears to be based upon new law. In any event, if Ms. Ferrell is truly relying upon a new rule of constitutional law that was previously unavailable and has been made retroactive to cases on collateral review by the Supreme Court, a petition filed pursuant to § 2255 would be the proper vehicle for raising such a claim. *See* 28 U.S.C. § 2255(f)(3), 28 U.S.C. § 2255(h)(2).

that it had no jurisdiction to consider his claim in a § 2241 petition."). Accordingly, her habeas petition should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT petitioner Saundra Ann Ferrell's petition for a writ of habeas corpus be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

Dated: August 16, 2016                    *s/ Katherine Menendez*
                                          Katherine Menendez
                                          United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.